IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY HARRIS, by and through
his duly appointed Guardian Ad Litem,
Jeffrey Bowersox,

       Plaintiff,

                                          3:11-cv-01071-PK
                                          OPINION AND ORDER

JA-RU CORPORATION,
a Florida Profit Corporation,

       Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Anthony Harris, a minor, brings this products liability action through his guardian ad litem. Harris alleges he suffered injuries in an explosion of powder removed from toy ring caps manufactured by defendant Ja-Ru Corporation. Defendant moves for sanctions (#16) and plaintiff moves to extend the scheduling order and case management dates (#18). For the reasons described below, defendant's motion is granted in part and denied in part and plaintiff's motion is denied as moot.

//

Page 1 - OPINION AND ORDER

## BACKGROUND

Pursuant to a stipulated motion, on June 28, 2012 this court extended discovery and expert disclosure deadlines. (Minute Order, #15.) The court ordered discovery to be completed by October 26, 2012, expert disclosures to be completed by November 2, 2012, expert reports to be exchanged by November 9, 2012, and rebuttal expert reports to be exchanged by December 7, 2012. *Id.* Defendant provided its warning expert's report, but plaintiff failed to exchange any expert reports by the November 9, 2012 deadline.[1] (Quillen Decl., #16-2, ¶¶3-4.) After defendant communicated this fact to plaintiff in a letter, on November 13, 2012 plaintiff exchanged a report from his explosive expert, Mr. Mniszewski, but that report failed to attach photographs and videos of from the expert's testing.[2] *Id.* at ¶7. On November 21, 2012, plaintiff sent defendant a copy of a report previously produced by Dr. Frome, plaintiff's medical provider, explaining that any future report would "merely be duplicative" of the original report. *Id.* at ¶¶12-13, Ex. F. Plaintiff, however, had still not exchanged the reports of his two other experts: Dr. Gerald Goldhaber, a warning expert, or MacJulian Lang, a prosthetics expert. *Id.* at ¶16, Ex. A. The same day, defendant's counsel left a message with the paralegal for plaintiff's counsel asking to discuss the outstanding expert reports and announcing defendant's intention to file a motion for sanctions. *Id.* at ¶14. On November 27th, defendant moved for sanctions, asking the court to strike the expert reports and opinions of Dr. Goldhaber and Lang, and prevent plaintiff

---

[1] As of December 18, 2012, defendant has not received from plaintiff any expert report in rebuttal to its warning expert, even though such reports were due December 7, 2012. (Second Quillen Decl., #20-1.)

[2] Plaintiff ultimately provided these items on November 26, 2012. (Quillen Decl., #16-2, ¶15.)

from providing evidence from either of those experts in any proceeding. (Mot. for Sanctions, #16.) Approximately two weeks later, plaintiff moved for an extension of the court's case management dates, including expert discovery deadlines. (Mot. to Extend, # 18.) Plaintiff primarily argued that discovery deadlines should be extended because he had been so far unable to depose a representative of Bureau Veritas, a Hong Kong entity with essential information about this case. *Id.*

Plaintiff's counsel, Timothy Vanagas, now "take[s] full responsibility" for plaintiff's failure to exchange expert reports by the court's deadlines. (Vanagas Aff., #24, at 1.) Vanagas offers several reasons for this lapse. *Id.* at 1-2. Vanagas explains that in June 2012 he notified his experts by fax or email of the November 9th deadline for expert reports. *Id.* at 1-2, Ex. 1. Dr. Goldhaber, the sole expert notified by email, apparently never received Vanagas' message and therefore never prepared a report.[3] *Id.* Vanagas did not follow-up, explaining that he was preoccupied with health concerns that led to his undergoing surgery at the end of November 2012. *Id.* at 2. Vanagas offers no particular explanation for his failure to exchange Lang's report, except for noting generally that his violation of the court scheduling order was not willful or in bad faith because he has limited experience with federal court practice and failed to appreciate the importance of the November 9th deadline. *Id.*

## DISCUSSION

Although the parties bring two motions before the court, both address the same issue: the proper response to plaintiff's continued failure to provide two expert reports in accordance with

---

[3] Additionally, in his motion to extend deadlines, plaintiff represents that Dr. Goldhaber's report was delayed, in part, because of plaintiff's inability to depose Bureau Veritas.

Page 3 - OPINION AND ORDER

the court's scheduling order. Defendant argues that, as a sanction for failing to timely produce these reports, the court should preclude plaintiff from presenting any testimony from those experts on dispositive motions or at trial. Plaintiff argues that such sanctions would "gut" his case; instead, he urges the court to remedy any prejudice to defendant by granting his requested deadline extensions and awarding defendant $1,000 in attorney fees.

In addressing these motions, I look primarily to standards for imposition of sanctions for failure to adhere to expert discovery rules, rather than the standards for modifying scheduling orders. Rule 26(a) requires that a party disclose the identity of any expert who may testify at trial, along with a written report prepared and signed by the expert witness that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(A). Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless . . . ." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) also states that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.* Thus, a party may still use its expert witness evidence if the failure to timely disclose that evidence was either "substantially justified" or "harmless." *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). It is the obligation of the party facing sanctions to show that its failure to comply with Rule 26(a)(2) was either

Page 4 - OPINION AND ORDER

substantially justified or harmless. *Id.* at 1107.

District courts have traditionally enjoyed "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." *Yeti by Molly*, 259 F.3d at 1106. However, the Ninth Circuit recently placed certain restrictions on district courts contemplating preclusion of evidence, when such a sanction would "amount to dismissal of a claim." *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). In these instances, "the district court [is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and also to consider the availability of lesser sanctions." *Id.* (internal citations omitted). By contrast, when the sanction at issue, "although onerous, [is] less than a dismissal," the district court need not make a finding of willfulness, fault or bad faith. *Id.* at 1247 n.1 (citing *Yeti by Molly*, 259 F.3d at 1106.)

Here, there is no dispute that plaintiff violated Rule 26(a) by failing to produce any of his expert reports by the deadline set by the court. *See* Fed. R. Civ. P. 26(a)(2)(B),(D). Moreover, plaintiff's violation of the expert disclosure requirements was not substantially justified, or even harmless, since plaintiff concedes that an award of attorney fees to defendant would be appropriate, ostensibly to remedy the additional motion practice required by his lack of diligence. However, I agree with plaintiff that his delay was not sufficiently egregious to warrant an exclusion of expert testimony in this case.

First, I find that unlike in *R&R Sails*, exclusion of plaintiff's untimely disclosed expert evidence would not amount to a dismissal of plaintiff's sole claim for products liability. Plaintiff alleges that defendant's product was defective and unreasonably dangerous because defendant manufactured, distributed, and sold the cap rings without adequate warnings concerning the risk

of explosion and/or traumatic injury. (Complaint., #1, at 3-4.) In warning defect cases such as this one, a plaintiff will ordinarily have to prove the defendant was in the product's distribution chain, the product's warning was inadequate, the inadequacy of the warning was the cause of plaintiff's injury, and the plaintiff was damaged.[4] *See, e.g., Benjamin v. Wal-Mart Stores, Inc.*, 185 Or. App. 444, 454–455, 61 P.3d 257 (2002) (analyzing warning defect product liability under Oregon law); Wash. Rev. Code § 7.72.030 (Washington Products Liability Act defining cause of action for failure to warn). Plaintiff has not shown that Dr. Goldhaber or Lang's testimony is required to establish any of these elements.

First, expert testimony is not necessary to show a warning is inadequate under either Oregon or Washington law. *See Macias v. Saberhagen Holdings, Inc.*, 175 Wash. 2d 402, 417–418, 282 P.3d 1069 (2012) (en banc) (warning defect analysis under WPLA considers, in part, whether the product was unsafe beyond the extent which would be contemplated by the ordinary consumer, known as the consumer expectation test); *Pagnotta v. Beall Trailers of Or., Inc.*, 99 Wash. App. 28, 30, 991 P.2d 728 (Ct. App. 2000) (expert testimony is not required to establish liability under the consumer expectation test); *Cf. Benjamin*, 185 Or App. at 454-455 (under Oregon law expert testimony is properly considered to determine the adequacy of a warning, and a warning is inadequate if it is "in such a form that it could reasonably be expected to catch the attention of the reasonably prudent person in the circumstances of its use and the

---

[4] Plaintiff's complaint does not specify where the Ja-Ru ring caps were sold or where plaintiff's injuries occurred, nor does his products liability claim explicitly rely on Oregon or Washington common law, or the Washington Products Liability Act. Moreover, plaintiff is a resident of Vancouver, Washington, near the border between Washington and Oregon. Because it is unclear which substantive law – Oregon or Washington– will apply, I look to both. Fortunately, the general principles of product liability law are relatively similar in Washington and Oregon.

Page 6 - OPINION AND ORDER

content of the warning is of such a nature as to be comprehensible to the average user and to convey a fair indication of the nature and extent of the danger to the mind of a reasonably prudent person"). Moreover, plaintiff and other percipient witnesses can testify to plaintiff's damages without requiring an expert such as Lang to discuss anticipated future medical expenses associated with plaintiff's prosthetics. Because plaintiff could proceed without these two expert witnesses, the sanction of precluding their testimony would be "onerous" but "less than dismissal" and the court need not evaluate whether plaintiff was willful, at fault, or acted in bad faith by missing expert disclosure deadlines. *See R &R Sails*, 673 F.3d at 1247 n.1.

That does not mean, however, that the court *must* exclude the expert testimony as defendant suggests. *See* Fed. R. Civ. P. 37(c)(1) (as an alternative to exclusion, the district court may order payment of attorney fees, may inform the jury of the party's failure of disclosure, or may impose other appropriate sanctions). It is in the interests of justice to allow plaintiff to provide expert testimony in this case, especially to avoid plaintiff from being severely prejudiced solely due to the neglect of his attorney. Even more importantly, exclusion of expert testimony is not required here because aside from defendant's attorney fees incurred in moving for sanctions, the prejudice to defendant is minimal and can be easily cured.

Defendant identifies three sources of prejudice. First, because defendant timely provided a report of its warning expert (Dr. Woods), defendant contends that plaintiff's warning expert (Dr. Goldhaber) will have an opportunity review that report and preemptively incorporate his responses to Dr. Wood's report in his original report. The appropriate cure for this prejudice is to prohibit plaintiff from submitting a rebuttal report to Dr. Woods, acknowledging that Dr. Goldhaber's initial disclosure will already serve that role. Second, defendant argues that Dr.

Page 7 - OPINION AND ORDER

Wood will have less time to rebut Dr. Goldhaber's report. The previously-set rebuttal expert report deadline was December 7, 2012, which has long since passed, so the court will have to reset expert deadlines in any event. Doing so will allow Dr. Woods sufficient time to respond to Dr. Goldhaber's initial report. Finally, defendant contends that it will be unable to adhere to the existing expert deposition, dispositive motion, and trial deadlines without receiving plaintiff's expert reports. Again, these deadlines can and should be advanced to allow defendant adequate opportunity to conduct discovery and prepare for trial.

Defendant offers that if the court does not exclude the experts' testimony, it should at least order plaintiff's counsel to pay defendant's fees associated with its motion for sanctions and subsequent efforts to obtain plaintiff's untimely expert reports and defendant's fees and costs associated with depositions of plaintiff's experts, as well as order plaintiff to produce all draft reports prepared by Dr. Goldhaber and Mr. Lang concerning their opinions in this case. The court, however, finds that the appropriate sanctions are as follows: (1) plaintiff's counsel is ordered to pay defendant's attorney fees reasonably incurred in its efforts to obtain Dr. Goldhaber and Mr. Lang's untimely expert reports, including the present motion for sanctions; (2) Dr. Goldhaber may not submit a rebuttal report to Dr. Woods, defendant's warning expert; and (3) case management deadlines are to be reset in a separate order. All of these sanctions are permitted under Rule 37(c)(1) and sufficient to address the prejudice suffered by defendant as a result of plaintiff's Rule 26 violations.

//

//

## CONCLUSION

Defendant's motion for sanctions (#16) are granted in part and denied in part as described above, and plaintiff's motion to extend (#18) is denied as moot.

IT IS SO ORDERED.

Dated this 7th day of January, 2013.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

Page 9 - OPINION AND ORDER