IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY HARRIS, by and through
his duly appointed Guardian Ad Litem,
Jeffrey Bowersox,

        Plaintiff,

                          3:11-cv-01071-PK
                          OPINION AND ORDER

JA-RU CORPORATION,
a Florida Profit Corporation,

        Defendant.

PAPAK, Magistrate Judge:

Pending before the court is Defendant's Petition for Attorneys Fees (# 29). For the reasons described below, Defendant's motion is granted.

## BACKGROUND

On January 7, 2013, I granted Defendant's motion for discovery sanctions. (#27.) As one of the sanctions imposed, Plaintiff's counsel was ordered to pay Defendant's attorney fees reasonably incurred in all its efforts to obtain untimely expert reports. On February 6, 2013, Defendant filed its Petition for Attorney Fees seeking $4,578.00. Plaintiff did not file a timely opposition.

Page 1 - OPINION AND ORDER

On March 18, 2013, I heard oral argument from the parties on a separate discovery dispute. During that hearing, I inquired of Plaintiff's counsel regarding Defendant's pending Petition for Attorney Fees. Plaintiff's counsel stated generally that he objected to the amount of fees requested, but he offered no specific objections to the billing rates requested or to any particular billing entry. I gave Plaintiff's counsel one week in which to file any specific objections. That week has expired and still no objections have been filed.[1]

## ANALYSIS

Determination of a reasonable attorney fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007)(*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The non-moving party has the "burden of rebuttal" that requires submission of evidence challenging the accuracy and reasonableness of the hours charged. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). By failing to submit any specific objections to the Motion for Attorney fees, Plaintiff failed to meet its burden of rebuttal. I will nonetheless address the reasonableness of the requested fees.

///

---

[1] In the underlying motion for sanctions, Plaintiff's counsel accepted responsibility for not timely producing expert reports. Plaintiff's counsel suggested a $1,000 award of attorney fees as a sanction. Since then, Plaintiff's counsel has not suggested any other figure related to the award of attorney fees.

Page 2 - OPINION AND ORDER

I. Hours Reasonably Expended

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines number of hours reasonably expended in furtherance of the successful aspects of a litigation.) Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch*, 480 F.2d at 945-46.

I have carefully reviewed the billing records submitted by Defendant. The records show that associate attorney Mr. Michael Quillen billed 24.4 hours in attempting to obtain Plaintiff's expert reports, and that Mr. Ryan McLellen billed 5.4 hours on the matter. The billing records reflect that numerous letters and phone calls were first made to Plaintiff's counsel to attempt to resolve the discovery dispute without the court's intervention. The billing records also reflect that prior to filing its Motion for Sanctions, Defendant was required to change its draft motion because Plaintiff produced some documents. In addition, Defendant was asked by the court to supplement its research and argument to include an analysis of sanctions less severe than complete exclusion of expert testimony. I note that Defendant's briefing both on the motion for discovery sanctions and for the current Petition for Attorney Fees was very well-prepared and thorough, without being lavish or wasteful.

Page 3 - OPINION AND ORDER

The billing records themselves are appropriately detailed and all relate to the sole task of obtaining Plaintiff's expert witness reports and moving for sanctions and fees. There is no block billing, and no unrelated tasks are included in the records. Defendant does not seek recompense for clerical or administrative tasks, or for redundant or duplicative expenditures of time. For all these reasons, I find that the evidence submitted by Defendant supports an award of compensation for 24.4 hours of Quillen's time and 5.4 hours of McLellen's time.

## II. Reasonable Rate

It is well settled within the Ninth Circuit and in this District that:

> The prevailing market rate in the community is indicative of a reasonable hourly rate. . . . The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Jordan v. Multnomah County*, 815, F.2d 1258, 1262-63 (9th Cir. 1987) (*citing Blum v. Stenson*, 465 U.S. 886, 895-97, 895 n. 11 (1984)).

I take judicial notice that the Oregon State Bar 2012 Economic Survey provides information as to rates actually charged by Oregon attorneys. The survey sets forth the median hourly rates for Portland-area attorneys engaged in private practice, as broken down by years of practitioner experience. I note that Mr. Quillen is an associate who has been admitted to practice since 2009. The median hourly rate for practitioners in Portland who have been admitted to practice between four and six years is reported as $200. Mr. McLellen is a partner who was admitted to practice in 2002. The median hourly rate for those admitted to practice between ten and twelve years is $275. Mr. Quillen's billing rate for this Petition for Attorney fees is $150 per hour, while Mr. McLellen's is $170 per hour. I find that the billing rates of $150 and $170 per hour are reasonable.

Page 4 - OPINION AND ORDER

### III. Calculation and Adjustment of the Lodestar Figure

Based on the number of hours and billing rates discussed above, I calculate the lodestar figure at 24.4 x $150, and 5.4 x $170, for a total amount of $4,578.00. It is within the discretion of this court to adjust the lodestar figure either: (1) downward if the movant has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36; or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. Of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). Defendant does not request, and I do not find that any adjustment of the lodestar figure is warranted here. I therefore find that Defendant is entitled to its reasonably incurred attorneys fees in the total amount of $4,578.00.

### CONCLUSION

For the reasons set forth above, Defendant's Petition for Attorney Fees (#29) is granted, and Defendant is awarded attorney fees in the amount of $4,578.00. This award is meted against Plaintiff's counsel Mr. Timothy Vanagas and not against Plaintiff. Payment shall be made to Defense counsel within 60 days of this order.

IT IS SO ORDERED.

Dated this 4th day of April, 2013.

_____
Honorable Paul Papak
United States Magistrate Judge